# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MATTHEW KARGOL,<br><br>    Plaintiff,<br><br>v.<br><br>OSKALOOSA COMMUNITY SCHOOL DISTRICT and MICHAEL FISHER, in his individual capacity,<br><br>    Defendants. | CASE NO. 4:25-cv-00351-RGE-WPK<br><br>**ANSWER** |

Defendants Oskaloosa Community School District ("District") and Michael Fisher ("Fisher") (collectively, "Defendants"), for their Answer to Plaintiff's Complaint, state as follows:

## INTRODUCTION

1. Admitted that Plaintiff brings this action under 42 U.S.C. § 1983. Denied that Defendants deprived Plaintiff of any constitutional rights.

## PARTIES

2. Admitted.

3. Admitted.

4. Admitted that Fisher is the Superintendent of the District and a resident of Mahaska County, Iowa. Denied to the extent this paragraph alleges wrongdoing or that Fisher acted unlawfully.

## JURISDICTION AND VENUE

5. Admitted that this action purports to arise under the Constitution and 42 U.S.C. § 1983, and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Denied that Defendants deprived Plaintiff of any constitutional rights.

6.      Admitted that venue is proper in this district under 28 U.S.C. § 1391. Denied that Defendants engaged in any unlawful conduct.

## BACKGROUND FACTS

7.      Denied for lack of information.

8.      Denied for lack of information.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Denied that Plaintiff's prior performance evaluations precluded disciplinary action or termination.

14.     Admitted that Plaintiff posted "1 Nazi down" on his personal Facebook account on or about September 10, 2025. Denied that the post was constitutionally protected in the context of his employment.

15.     Admitted that Plaintiff's post referenced and expressed approval of the assassination of political activist Charlie Kirk, an incident that received national attention. All remaining characterizations and legal conclusions are denied.

16.     Denied.

17.     Denied for lack of information. In further response, Defendants state that Plaintiff's identity as an Oskaloosa teacher was well known to the public.

18.     Admitted.

19.     Denied that Plaintiff's statement constitutes protected speech on a matter of public concern under the balancing test established in *Pickering v. Board of Education*, 391 U.S. 563 (1968).

20. Admitted that members of the community contacted the District in response to the post.

21. Denied.

22. Denied.

23. Denied.

24. Admitted that Superintendent Fisher responded to the situation. Denied that his actions were motivated by personal disagreement rather than legitimate concern for the District's operations.

25. Admitted that Fisher recommended termination. Denied that his actions were motivated by personal disagreement rather than legitimate concern for the District's operations.

26. Admitted that Fisher participated in media interviews. The remainder of the paragraph is denied. The cited article reflects that Superintendent Fisher stated, "This has created substantial material disruption to our learning environment, the last 12 hours."

27. Denied.

28. Denied.

29. Admitted that on or about September 17, 2025, the Board of Directors voted to terminate Plaintiff's teaching contract.

30. Denied.

31. Denied.

## COUNT I
## FIRST AMENDMENT RETALIATION
## (42 U.S.C. § 1983)

32. Defendants incorporate their responses to all preceding paragraphs.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Admitted that the Board adopted Fisher's termination recommendation. Denied that the recommendation or adoption was motivated by Plaintiff's viewpoint.

39. Admitted that the Board possesses authority under Iowa law to approve or disapprove teacher terminations. This paragraph is otherwise denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## GENERAL DENIAL

Any allegation not specifically admitted herein is denied.

## FURTHER ANSWERS AND DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendant Fisher is entitled to qualified immunity because he acted in good faith within the scope of discretionary authority, and did not violate any clearly established constitutional right of which a reasonable official would have known.

3. Defendants acted for legitimate, nondiscriminatory, and non-retaliatory reasons.

4. The District's interest in maintaining effective public education outweighs any interest asserted by Plaintiff.

5. The Board of Directors acted as an independent decisionmaker and exercised its own judgment in reaching the challenged employment decision, thereby severing any causal connection necessary for liability under § 1983.

6. Defendants at all times acted reasonably and in good faith.

7. Plaintiff failed to mitigate his damages, if any.

8. Any subsequently discovered conduct that would have independently warranted discipline limits or bars recovery.

9. Defendants are entitled to immunities under Iowa Code chapter 670.

WHEREFORE, Defendants request that the Court dismiss the Complaint with prejudice, enter judgment in favor of Defendants, award costs and attorney fees as allowed by law, and grant such other and further relief as the Court deems just and proper.

*/s/ Jason M. Craig*
Jason M. Craig (AT0001707)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: (515) 243-7611
Facsimile: (515) 243-2149
Email: jcraig@ahlerslaw.com
ATTORNEY FOR DEFENDANTS

**Electronically filed and served on:**

Nathan Borland
Kara Eischen
TIMMER, JUDKINS & BORLAND, PLLC
1415 28th Street, Suite 375
West Des Moines, IA 50266
nate@tjb.law
kara@tjb.law
ATTORNEYS FOR PLAINTIFF

| CERTIFICATE OF SERVICE | | |
|---|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on:   11/17/25 | | |
| By: ☐ U.S. Mail | ☐ | Fax |
| ☐ Hand delivery | ☐ | Private Carrier |
| ☒ Electronically (*via EDMS*) | ☐ | E-mail |
| Signature:   */s/ Jason M. Craig* | | |

4916-9141-6953-4\23260-136